JOHN E. KAUGHRAN, as Assignee for the Benefit of Creditors of MARTIN J. CONNELLAN, Respondent, *v.* THE H. B. CLAFLIN COMPANY, Appellant.

*Assignment for creditors — an assignor confessing judgments to creditors and permitting levies to be made thereunder — turning moneys over to his wife for future living expenses.*

The fact that an insolvent debtor, in contemplation of making an assignment for the benefit of creditors, confesses judgments to his wife and to another creditor, and permits levies to be made thereunder before he executes the assignment, for the purpose of enabling those creditors to obtain the full amount of their debts, without the necessity of giving so large a preference in the assignment, does not of itself render the assignment fraudulent, but may be considered upon the question whether in the whole transaction there was an intent to defraud, and where, in addition to that fact, it appears that the assignor did not turn over to the assignee a portion of the receipts from his business, amounting to $300 or $400, but gave such money to his wife to be used for living purposes, the assignment should be held to be void.

APPEAL by the defendant, The H. B. Claflin Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of April, 1897, upon the report of a referee.

*Stillman F. Kneeland*, for the appellant.

*F. R. Minrath*, for the respondent.

RUMSEY, J.:

This is an action for conversion brought by the assignee for the benefit of the creditors of Martin J. Connellan against the H. B. Claflin Company. The assignment was made on the 28th day of September, 1896. At that time Connellan was the owner of a large quantity of merchandise, the title to which, it is claimed, passed to the assignee, subject to two executions upon judgments recovered against Connellan before the assignment. The defendant recovered a judgment against Connellan after the assignment was executed, upon which an execution was delivered to the sheriff. Pursuant to his executions, the sheriff sold property sufficient to satisfy the two judgments under which levies were made before the assignment, and then, against the protest of the assignee and upon the

direction of the defendant, he sold the remainder of the property and applied the proceeds on the defendant's execution. For this alleged conversion of the property, the assignee sued the defendant, claiming that he was the owner of the property, subject to the lien of the two earlier executions, and that all the merchandise levied upon, after a sale of sufficient to satisfy those two judgments, should have been delivered to him. The case was tried by a referee, and upon the trial it seems to have been conceded that the only question was as to the validity of the assignment, the defendant admitting that, unless it could establish that the assignment was made with intent to hinder, delay and defraud the creditors of Connellan, its direction to the sheriff to sell the property had operated as a conversion, and the plaintiff was entitled to recover. It appeared by the evidence, which was substantially undisputed, that Connellan was a dealer in dry goods in the city of New York, and that, about the 28th day of September, 1896, he came to the conclusion that he was insolvent and unable to continue his business. He thereupon consulted with certain of his creditors and his wife and the present plaintiff, whom he intended to make his assignee, and a course of procedure with reference to making the assignment was resolved upon. That was carried into effect. It was substantially that actions should be brought against him by his wife and one Hayes, whom he owed; that he should give to each of them an offer of judgment, upon which judgment should be entered and executions issued and delivered to the sheriff, and that, after a levy was made by the sheriff, the assignment should be executed and delivered, the object being apparently to enable Mrs. Connellan and Hayes, the other creditors to whom the judgments were given, to obtain the full amount of their debts, and thus avoid the necessity of giving so large a preference in the assignment.

Further discussion of this proceeding may be dismissed with the remark that, while the practical confession of judgment under these circumstances did not of itself render the assignment fraudulent, but operated only as a fraud upon the assignment and not a fraud in the assignment, it is yet a fact which may fairly be considered as bearing upon the question whether, in the whole transaction, there can be discovered an intent on the part of the assignor to hinder or delay his creditors and thus make the whole assignment void.

It appeared further in the case, without dispute, that the daily receipts from the business of Connellan were from $400 to $600 or $800. On Saturday morning some of the receipts of Friday, the day before the assignment, were still in his possession. The receipts from the business on Saturday were established at about $600, rather more than less. It was the custom of the business to pay the weekly wages of the employees on Saturday out of that day's receipts, and this custom seems to have been observed on the Saturday in question. These wages amounted to something over $300. After making these payments, there was in the possession of the assignor on Saturday evening from $300 to $400 in cash. This cash he did not turn over to his assignee, but, as he himself says, he delivered it to his wife before making the assignment, so that he might have that money for living expenses for the family. This was done without the knowledge of his assignee. At that time, as he says, he was indebted to his wife in considerably more than $4,000, for which sum he had just permitted her to take a judgment, but this money was not delivered to her or received by her to apply upon her debt, nor was it so applied, but she took it, in addition to the judgment for the full amount of her debt, to use for living expenses for the assignor and his family. This transaction, unexplained and undenied as it is, is a fraud upon the creditors of the assignor, and renders a general assignment void. (*Coursey* v. *Morton*, 132 N. Y. 556.)

It was suggested by the learned referee before whom this case was tried that the money might be regarded as paid to Mrs. Connellan upon her debt, but the assignor makes no such claim and says expressly that it was paid to her for living expenses. That fact having been established and not disputed, the assignment should have been held to be void, and it was error to sustain it.

For that reason the judgment appealed from must be reversed and a new trial had before another referee, with costs to the appellant to abide the result of the action.

Van Brunt, P. J., Barrett, Williams and Patterson, JJ., concurred.

Judgment reversed, new trial ordered before another referee, with costs to appellant to abide event.