### ANDREAE et al. v. BOURKE et al.

(Supreme Court, Appellate Division, First Department. October 7, 1898.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—FRAUD.
Defendant's store having burned, certain creditors pressed their claims, and he assigned his insurance policies and book accounts to secure them. A few days later, suit was threatened on another claim, which he was unable to compromise, and he made an assignment for the benefit of creditors. *Held*, that the former assignments were not fraudulent, as being made in contemplation of the general assignment.

2. FRAUDULENT CONVEYANCES—CONSIDERATION.
The mere fact that a sale is made at a sacrifice will not stamp it as in fraud of creditors.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS—FRAUD.
Prior to an assignment for the benefit of creditors, the debtor, who was engaged in business, and had wages and other expenses to pay, drew money from a bank, but, before the assignment, redeposited a portion of it. *Held*, that such withdrawal was not shown to have been for family expenses, in contemplation of the assignment.

Appeal from special term, New York county.

Action by George C. Andreae and others against William Bourke and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Emanuel Blumenstiel, for appellants.
Francis W. Pollock, for respondents.

PATTERSON, J. This action was brought to set aside an assignment for the benefit of creditors made by the defendant Bourke to the defendant Moses, and in the action certain transfers made by the defendant Bourke to several of his creditors a few days before the date of the assignment were attacked, it being alleged that such transfers were also made for the purpose of cheating and defrauding the creditors of Bourke, and for the purpose of preventing the assignee from reaching the property so transferred, and the general creditors from participating in the proceeds of such property. The complaint was answered by the assignee only, and, on the trial of the issues, questions of fact alone were presented for determination. The learned judge at the special term dismissed the complaint, finding that the assignment for the benefit of creditors was made in good faith, and that the transfers of property attacked were also made in good faith, without intent to hinder, delay, or defraud creditors, and were not in contemplation of a general assignment being subsequently made. In the assignment, the assignor preferred his wife for an indebtedness of some $6,000; and it was claimed by the plaintiffs that that was a fraudulent preference. The justice at special term found that that indebtedness was a bona fide one, and was for money actually advanced to the assignor. The theory of the plaintiffs' case was that the transfers of property made immediately preceding the assignment were in contemplation of that act, and that by them the assignor intended to strip himself of his property, so that it would not pass to the assignee, or that, if these transactions were otherwise unobjectionable, they were at least intended to hinder and delay creditors. The court below found that all of the acts of the assignor were consistent with an honest intent and purpose on his part. As affecting the general assignment, an examination of the record satisfies us that the conclusion of the trial judge was right. As to each of the specific transfers objected to by the plaintiffs, it is satisfactorily shown that it was not made with the ulterior purpose in view ascribed to the assignor by the plaintiffs. So far as the proof discloses, the assignor believed, and had reason to believe, that, by making the arrangements he did with certain creditors, he could relieve himself from his embarrassments, pay all his debts, and go on with his business. It is shown that his financial difficulties were brought about by the destruction by fire of his stock of neckwear goods, on the 5th of November, 1895. He had $50,000 of such stock in trade totally destroyed. He had $27,000 of insurance, and he anticipated that the insurance companies would pay the losses. Immediately after the fire, certain of his creditors pressed him for payment of their claims; and with these creditors he made the arrangements objected to by the plaintiffs, with the exception of the sale of the plant of the jewelry business, which he transferred to one Armeny, by making an absolute sale for $2,500. The indebtedness to the

Ninth National Bank, to Flomerfelt, and to Fogel & Co. actually existed. The transfers of policies of insurance were so made to these creditors, and the transfer of the book accounts to Fogel & Co. was given as security, with the understanding that any amount realized upon them over and above Bourke's indebtedness to that firm should be returned. Bourke was unable to collect the insurance; the underwriters resisted payment; and on the 30th of November, suit upon a claim which he was not able to compromise having been threatened, he made the assignment for the benefit of creditors.

We are satisfied, as the judge below must have been, that there was no connection between the transfers of property and the assignment, and, that being so, the plaintiffs' case failed. We do not intend to express any opinion as to the validity of these transfers between the assignor and the assignee. Respecting the sale to Armeny, we see no reason for interfering with the decision of the court below. It was not made in contemplation of the general assignment. That the sale was at a great sacrifice is not sufficient to stamp it with a fraudulent character.

It appeared in evidence that, prior to the general assignment, Bourke had withdrawn from the bank certain moneys, amounting to some $1,300; and it is claimed that such withdrawals were in anticipation of making such an assignment, and that he intended to use them for personal or family expenses. It is shown, however, that he was actually engaged, at the time these moneys were withdrawn, in his neckwear business; that he had the wages of employés and other expenses in that business to meet; and, of the amount of money thus withdrawn, he redeposited several hundred dollars before the assignment was made. The proof was not sufficient to establish that the withdrawal of these moneys was for the purpose of depleting the estate that should pass to the assignee, or to enable the assignor to provide for the support of himself and family; and therefore the case is not brought within Kaughran v. Claflin Co., 22 App. Div. 149, 47 N. Y. Supp. 925, and similar cases.

The preference to Bourke's wife was not shown to have been fraudulently given. There was an indebtedness existing to the amount of that preference. It resulted from a transaction relating to a house which belonged to Mrs. Bourke, and that transaction is sufficiently explained in the evidence. On the whole case, we are of opinion that the plaintiffs failed to establish an intent on the part of the assignor to hinder, delay, and defraud creditors, in making the assignment, or in the preference given to his wife, or in any of the transfers to his creditors made the subject of inquiry on the trial.

The judgment, therefore, must be affirmed, with costs. All concur.